IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| **JORGE BLANCO** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No: 1:18cv861  (CMH/MSN) |
| | ) | |
| | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC.** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Jorge Blanco ("Plaintiff"), by and through counsel, brings this Complaint against Defendant Equifax Information Services, LLC ("Defendant" "Equifax") on the grounds and in the amounts set forth herein:

### Preliminary Statement

1.  Jorge Blanco is an unusually common name in Virginia and the United States and a quick Google search will reveal dozens of them in Virginia alone. While we have very little documentary information at this point prior to discovery, it is reasonably suspected that Equifax has confused him with other similarly named individuals and allowed credit file information not associated with him and his social security number to populate onto his Equifax credit file. For years he has been contacting Equifax, notifying it of inaccurate data, and it has continued to allow unrelated trade lines to report as his. Mr. Blanco had no idea what was causing his persistent problems with Equifax, but finally assumed that he was the victim of identity theft and decided to file a police report to that effect with the Prince William police department. Even the police report was not sufficient to cause Equifax to closely examine the file data and correct it. As a result, he has suffered and continues to suffer from inaccurate file data that is preventing him from obtaining

much needed credit. As a CRA, Equifax is charged with maintaining reasonable procedures to ensure maximum possible accuracy in the data it provides to third-party creditors. Rather than adhere to that grave responsibility, Equifax chooses to save money by outsourcing its reinvestigation work and paying as little as possible to assist consumers like Mr. Blanco correct errors on his credit file. Mr. Blanco exhausted his efforts to deal with Equifax and have it correct the errors on its own, and the only remedy remaining was to file the instant action. Accordingly, Plaintiff demands actual damages, punitive damages, statutory damages, attorneys' fees and costs based upon Equifax's actions in violation of the FCRA.

## Parties

2. Plaintiff Jorge Blanco is both a "person" and "consumer" as defined by the FCRA at 15 U.S.C. §1681a(b) and (c) because he is an individual. Unless otherwise specifically stated herein, the term "Plaintiff" shall refer to Jorge Blanco.

3. Defendant Equifax Information Services LLC, (hereinafter "Equifax"), is a foreign limited liability company. Equifax is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties. Equifax regularly conducts these business activities in the Eastern District of Virginia by providing credit reports and other products to consumers and businesses in the Alexandria division of the Eastern District of Virginia.

## Jurisdiction & Venue

4. This court has jurisdiction pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681(p). Venue is proper in this jurisdiction. Mr. Blanco resides

in the district and division. Mr. Blanco filed a police report related to his belief that he was an identity theft victim in Prince William County. This court is the most convenient for Mr. Blanco and his expected witnesses at this time.

### Factual Allegations

5. Mr. Blanco had been monitoring his credit to make sure that he had the best credit score possible. In May of 2016, he noticed a collection item for Dominion Electric that he did not recognize, and he disputed that reporting with Equifax. Based upon information and belief, Equifax removed that information from his credit file at some point in time. In addition, Mr. Blanco disputed a medical collection for an underlying service that is believed to have occurred in or near Philadelphia, PA. Mr. Blanco ultimately had this item removed from his credit file.

6. At the time of these events and future events in this lawsuit, Mr. Blanco wondered why these items were appearing on his credit file. He also saw addresses that he did not recognize, debts he did not open, and an Equifax file dated May 17, 2017 disclosure referred to him as Jorge Alberto Blanco, Jr. when he is not a junior. Based upon the circumstances, it now appears that Mr. Blanco may be the victim of a mixed credit file with Equifax.

7. Over the course of May 2016 through January 2018, Mr. Blanco tried his best to sort out the various inquiries, addresses, and accounts that were on his credit file by doing his best to dispute and have deleted the information that he did not believe was his. Among his disputes was an account with AR Resources for a debt that was not his as he did not incur the medical debt in question. Mr. Blanco would dispute this debt on multiple occasions.

8. By September 2017, Mr. Blanco was disputing addresses on his credit file that were not his, and he was working hard to have incorrect information removed from his Equifax credit file. These unrelated addresses that were associated with him are now believed to be the addresses of other similar named individuals that Equifax has confused with him.

9. By November 2017, Mr. Blanco had another collection item with Suburban Credit that he did not recognize and believed was an unverified collection account, he disputed this account as well to try and have the account removed from his credit file. Mr. Blanco is believed to have disputed this account again in December 2017.

10. In January 2018, after receiving a call from a collection company regarding a debt that was not his responsibility, Mr. Blanco believed that he was the victim of identity theft. Mr. Blanco, who resides in Manassas, Virginia, filed a police report related to the collection account and later supplemented the identity theft police report to include three accounts that he also believed were identity theft related. The three accounts were with Santander, Capital One Bank, and Capital Bank.

11. On March 14, 2018, Equifax added an extended fraud alert to Mr. Blanco's credit file. Based upon the statutory requirements to add an extended fraud alert, Equifax necessarily believed that Mr. Blanco was a verified victim of fraud and had provided Equifax with a proper identity theft police report. Given these actions with the repeated prior disputes, Equifax should have escalated the examination of any dispute and handled said dispute with great care in order to fulfill its statutory mandate to maintain procedures to ensure maximum possible accuracy as to Mr. Blanco's credit information.

12. Mr. Blanco wanted these inaccurate accounts removed from his credit report because they were damaging his credit rating, were not indicative of how he handled his financial obligations and adversely impacted his debt-to-income ratios.

13. As part of his efforts to remove inaccurate information from his credit file, Mr. Blanco sent a credit dispute letter to Equifax via certified mail on April 13, 2018. Included in his letter was his complete identification information in the form of full name, current address, date of birth, and social security number. Based upon information and belief, Equifax retains this exact information in its data related to Mr. Blanco. The dispute letter also included the Prince William County police department fraud case number of 1800001729-001. Mr. Blanco requested that Equifax block and/or delete the reporting of three accounts because of the believed identity theft: Capital One Bank, Santander Consumer, and Capital Bank. Mr. Blanco also requested proof that the accounts were related to him so that he could further determine the proper course of action to take.

14. Despite the fact that Mr. Blanco had provided full matching identification information, Equifax sent him a form letter dated April 24, 2018 that claimed "We have received your request concerning your Equifax credit file. However, the identification information you provided does not match our records. In order to properly assist you we will need additional information in order to verify your identification and current address." The letter went on to request various sources of proof for Mr. Blanco's current address and identification. Equifax file disclosures produced later in this sequence of events indicated that Equifax made a notation that it reviewed Mr. Blanco's credit file on the same date that Equifax stated that it could not locate the credit file, and therefore Equifax had in fact

located the credit file as demonstrated by the notations in the inquiry section of the very credit file that it claimed to be unable to locate.

15. On May 2, 2018, Equifax sent the results of the investigation and stated, "We have reviewed your concerns and our conclusions are: Please be specific with your concerns by listing the account names, numbers, and the nature of the dispute." This response did not make any sense because the April 13, 2018 dispute letter had a chart containing the names, account numbers and a fraudulent account dispute for the Capital One Bank, Santander Consumer, and Capital Bank accounts. Equifax's response was reckless given the previous information that Mr. Blanco had provided.

16. On May 4, 2018, Mr. Blanco sent another credit dispute package to Equifax via certified mail, and he once again identified the fraudulent accounts as Capital One Bank USA, Santander Consumer, and Capital Bank. He also included a copy of the Prince William Department identity theft police report when he requested the removal of the accounts. Mr. Blanco also informed Equifax that TransUnion had already removed the accounts after receiving his dispute. Based upon information and belief, Equifax received this dispute letter on May 7, 2018.

17. On May 11, 2018, Equifax sent Mr. Blanco a document that purported to be the results of the previous dispute with Equifax. On this document, Equifax stated that it would not block the information subject to the submitted identity theft police report that Mr. Blanco provided as part of his dispute. The letter went on to state that Equifax was contacting each creditor directly to verify the accounts on Mr. Blanco's behalf and that Equifax would forward his supporting documentation.

18. On June 1, 2018, Equifax provided a results of the investigation consumer file disclosure that indicated that Equifax verified that the Capital One Bank credit card and the Capital Bank account should remain on his credit file.

19. On June 5, 2018, Mr. Blanco sent yet another credit dispute package to Equifax. Just as he did in previous disputes, Mr. Blanco provided his full identifying information and requested the removal of fraudulent accounts. In this letter, he requested the removal of the fraudulent Capital One Bank and Capital Bank accounts. Based upon information and belief, Equifax had removed the Santander account that also had been included on the police report with the Capital One Bank and Capital Bank. Once again, Mr. Blanco included a copy of his identity theft related police report.

20. On June 12, 2018, Equifax sent Mr. Blanco the results of the reinvestigation that was both confusing and misleading. The letter began by stating, "We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete." The letter went on to state that Mr. Blanco should look at the following pages for more detailed information on the specific results. However, the four pages of documents sent, Equifax merely stated, "We have reviewed your concerns and our conclusions are: Please be advised that Equifax, at this time, will not block the information subject to the submitted identity Theft (sic) and/or police report you provided as part of your dispute. We are contacting each creditor directly to verify The account/s on your behalf. We will also forward a copy of documents you have provided to each creditor for their Review." Based on the letter, Equifax initially stated that the investigation was complete, but further in the letter stated that the investigation was still ongoing. Accordingly, the sum total of the

results of the investigation was a misleading, inaccurate, and incomplete response to Mr. Blanco.

21. On June 19, 2018, Mr. Blanco obtained a copy of his Equifax credit file disclosure and said disclosure still included the inaccurate identity theft related accounts for Capital One Bank and Capital Bank.

22. Mr. Blanco needed to use his credit to get personal loans, and he was unable to use his credit when he received a credit denial letter from Capital One Bank and Chase. Additional discovery is necessary as to what credit information Equifax released to what third parties given the problems with his credit file.

## COUNT I
## Fair Credit Reporting Act
## 15 U.S.C. §1681i(a)

23. Plaintiff incorporates paragraphs one (1) to twenty-two (22) as if fully stated herein.

24. Defendant Equifax has willfully violated the provisions of the FCRA by willfully failing to comply with its obligations as a credit reporting agency under the FCRA in accordance with its statutory duties to conduct a credit dispute investigation pursuant to 15 U.S.C. §1681i(a). Equifax is liable to Mr. Blanco for actual damages, punitive damages, and statutory damages of $1,000 under 15 U.S.C. §1681n for each occasion that failed to conduct a reasonable investigation as detailed in the factual averments of this Complaint.

25. Specifically, Equifax is liable to the plaintiff for actual damages under 15 U.S.C. §1681n and §1681o because it violated 15 U.S.C. §1681i(a)(1) and (4) by failing to reasonably investigate Mr. Blanco's disputes and by failing to review and consider all relevant information submitted by the consumer. Mr. Blanco provided multiple disputes

and included a copy of a valid police report regarding a believed theft of his identity. At a minimum Equifax should conducted a reasonable investigation of these dispute items. In addition, Equifax should have investigated to see if Mr. Blanco had multiple or mixed files with Equifax as part of a holistic investigation. On one occasion, Equifax even said it could not locate his credit file when based upon some notations in the inquiry section, Equifax was actively in the very file that it said it could not locate.

26. Punitive damages are warranted based upon the repeated failures and the fact that Equifax ignored and failed to consider the following information that Mr. Blanco provided in the form of a police report, his driver's license, and social security card. Equifax had all the information that it needed to get to the bottom of what information should have and should not have been reporting on Mr. Blanco's credit file.

27. Punitive damages are required to change Equifax's reckless disregard for the rights of consumers to obtain accuracy in their credit reports and remove erroneous data. The factual circumstances and letters provided by Equifax to Mr. Blanco demonstrate the reckless disregard that Equifax has for reviewing and considering the information provided by consumers as a part of their credit dispute letters.

28. Mr. Blanco suffered concrete injury and actual damages including time spent addressing the problem, improper denial of access to credit, and emotional distress damages.

## COUNT II
## Fair Credit Reporting Act
## 15 U.S.C. §1681e(b)

29. Plaintiff incorporates paragraphs one (1) to twenty-eight (28) as if fully stated herein.

30. Defendant Equifax has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comply with its obligations as a credit reporting agency under the FCRA. Equifax is liable to the plaintiff for damages under 15 U.S.C. §1681n and §1681o because it violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the plaintiff's credit report.

31. Equifax willfully and/or negligently violated the Fair Credit Reporting Act at 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of information reported about Mr. Blanco.

32. Mr. Blanco informed Equifax on multiple occasions of problems with data, accounts, and biographical information on his credit file. Equifax was negligent and or reckless in maintaining and providing maximum accuracy of credit information on his credit file.

33. Based upon information and belief, Equifax released inaccurate credit reports to Capital One Bank, Chase, and CBC Innvois, Credco/Quicken, and CBNA.

34. Punitive damages in this matter are also warranted because Equifax displayed a reckless disregard for publishing accurate information about Mr. Blanco's credit history for the reasons alleged herein. Only substantial punitive damages will deter Equifax from publishing inaccurate credit reports.

### Prayer for Relief

Wherefore, the plaintiff prays that the Court award the following relief:

a) compensatory damages against Equifax;

b) punitive damages based upon Equifax's repeated violations of the FCRA;

    c)    statutory damages against Equifax based upon multiple violations of the FCRA;

    d)    interest, pre-judgment interest, costs and reasonable attorneys' fees incurred by the Plaintiff;

    e)    all other further relief that this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury as to all issues against all defendants.

                            Respectfully submitted
                            Jorge Blanco

                            By: Counsel

A. Hugo Blankingship, III, VSB 26424
Thomas B. Christiano, VSB 43940
Blankingship & Christiano, P.C.
11790 Sunrise Valley Drive, Suite 103
Reston, Virginia 20191
(571) 313-0412
F: (571) 313-0582